**FILED**
**DECEMBER 17, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7076**

| | | |
|---|---|---|
| MAXINE COLEMAN, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | Magistrate Judge: |
| | ) | |
| U.S. Security Associates, Inc. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT

NOW COMES the Plaintiff, MAXINE COLEMAN, ("Plaintiff" and/or "Coleman") by and through her undersigned counsel of record, and complains against Defendant U.S. SECURITY ASSOCIATES. (hereinafter referred to as "U.S.S.A."), as follows:

## INTRODUCTION

1. This case is about Defendant's shocking and egregious violations of the Family Medical Leave Act ("FMLA"), *29 U.S.C. § 2601, et.seq.* and *5 U.S.C. § 6381 et.seq.*, including, but not limited to, attempting to prevent Plaintiff from taking leave under the FMLA through harassment and coercion, and constructively discharging Plaintiff after seven (7) years of dedicated service and repeated and numerous promotions in retaliation for taking FMLA leave to recover from her medically necessary surgery.

2. Plaintiff is a responsible mother and wife that supported her household through her dedication, commitment, and outstanding job performance as an employee of Defendant U.S.S.A. for seven (7) years.

3. Plaintiff's ability to financially support her family came to an abrupt end when Defendant unlawfully discriminated against Plaintiff and constructively discharged Plaintiff

simply because Plaintiff exercised her statutory right to take medically necessary FMLA leave to recover from her surgery.

4. Despite Plaintiff's seven (7) years of dedicated employment and outstanding job performance, Defendant attempted to prevent Plaintiff from taking necessary FMLA leave and retaliated against Plaintiff by unlawfully constructively discharging Plaintiff for taking necessary FMLA leave.

5. Plaintiff has suffered severe and egregious injury and damage as a direct and proximate cause of Defendant's unlawful conduct as alleged herein.

## PARTIES

**a.   Plaintiff**

6. Plaintiff, Maxine Coleman, is an individual resident of Kane County, Illinois who currently resides at 829 Park Bluff Circle, Elgin, Illinois 60120.

**b.   Defendant**

7. Defendant U.S. Security Associates is a corporation doing business in the State of Illinois. As used in this Complaint, "Defendant" and/or "U.S.S.A." means Defendant, all subsidiaries, agents, successors, parent corporations, etc.

8. The registered agent for U.S.S.A., as listed with the Illinois Secretary of State, is:

C T Corporation Systems
208 South LaSalle Street
Suite 814
Chicago, IL 60604

9. Plaintiff was an employee of U.S.S.A. from November, 2000, through on or about July 18, 2007.

10. Plaintiff was constructively discharged from her employment with U.S.S.A. on July 18, 2007.

11. At the time of her constructive discharge, Plaintiff was employed by U.S.S.A. as a Site Security Manager.

## JURISDICTION AND VENUE

12. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States.

13. Venue is proper in this judicial district under *28 U.S.C. § 1391(b)*, in that Defendant employed Plaintiff in this judicial district, Plaintiff resides in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## COMMON ALLEGATIONS

14. Plaintiff Coleman was an employee of Defendant from approximately November, 2000 through the date of her unlawful constructive discharge on or about July 18, 2007.

15. Defendant was an employer of Plaintiff as defined by the FMLA.

16. Plaintiff was an employee of Defendant as defined by the FMLA.

17. On July 18, 2007, at the time of her unlawful constructive discharge, Plaintiff was employed by Defendant in the position of Site Security Manager.

18. Plaintiff was a qualified, competent, and dedicated employee and performed all of her job duties in a reasonable and acceptable manner during all relevant times herein.

19. Plaintiff performed all of her job duties in a manner that met the Defendant's legitimate expectations.

20. On or about May 10, 2007, Plaintiff Coleman informed Defendant that she would be having medically necessary surgery on May 31, 2007 on her knee for a torn ligament, a Baker's Cyst, and arthritis. Plaintiff Coleman also informed Defendant that, as a result of the

surgery, she would require medical leave to recover from the surgery.

21. After Plaintiff Coleman requested her medically necessary FMLA leave, but before she had surgery, Defendant's agents and employees and Plaintiff's supervisors and superiors harassed Plaintiff about taking FMLA leave.

22. On or about May 23, 2007, in retaliation for requesting medically necessary leave on May 10, 2007, Plaintiff was sent home from work, demoted, and suspended. Plaintiff was not told at this time when she would be allowed to return to work.

23. On May 31, 2007, Plaintiff had surgery performed on her knee to heal a torn ligament, a Baker's Cyst, and arthritis.

24. Despite the continuous harassment, Plaintiff exercised her rights and took the necessary FMLA medical leave starting on May 31, 2007, while she recovered from her surgery.

25. On or about July 6, 2007, in retaliation for requesting and taking medically necessary leave time, Plaintiff was informed that her employer-provided health insurance had been cancelled due to her termination. Further, Plaintiff's employer-provided cellular phone was shut off.

26. Subsequent to July 6, 2007, but before July 18, 2007, and before she was able to return to work due to recovery from her knee surgery, Defendant reinstated Plaintiff's employment and health insurance, without reinstating her cellular telephone.

27. Immediately after Plaintiff Coleman requested her medically necessary FMLA leave, but before she had her surgery, Defendant's agents and employees and Plaintiff's supervisors and superiors began retaliating against Plaintiff for taking necessary FMLA. The retaliatory and discriminatory treatment of Plaintiff Coleman included, but was not limited to:

    a. On or about May 23, 2007, Plaintiff Coleman was sent home and suspended for a minor incident not deserving of suspension;

      b.      On or about July 6, 2007, Plaintiff Coleman was terminated and denied all access to her employer-provided health insurance benefits and cellular telephone;

      c.      On or about July 18, 2007, subsequent to her reinstatement to employment but before she was medically able to return to work, Plaintiff Coleman was constructively discharged in retaliation for taking FMLA leave; and

      d.      Defendant otherwise treated Plaintiff Coleman differently than employees that did not exercise their right to medically necessary FMLA leave.

28.    Plaintiff had an outstanding work history over the course of seven years and was never subjected to disciplinary action until after she exercised her right to take medical leave. From the date, she was subjected to ongoing discrimination and retaliation in violation of the FMLA.

29.    Plaintiff's working conditions were so intolerable that any reasonable person would have separated her employment under the circumstances.

30.    Plaintiff was forced to quit her employment due to intolerable working conditions, harassment, lack of advancement opportunities, humiliation, degradation, and other circumstances that no reasonable individual could tolerate in her employment.

31.    On July 18, 2007, Defendant constructively discharged Plaintiff in retaliation for taking medically necessary FMLA leave.

32.    There was no legitimate non-discriminatory basis for Plaintiff's constructive discharge.

33.    On the date of her constructive discharge, Plaintiff was still on FMLA leave. At the expiration of her FMLA leave, Plaintiff would have been fully competent and capable of performing all of her job duties. There was no legitimate non-discriminatory/non-retaliatory reason for her constructive discharge from Defendant.

34. Plaintiff has suffered severe damages as a direct and proximate result of Defendant's unlawful conduct as described herein, including, but not limited to, the following: loss of employment, lost wages, loss of benefits, and other damages.

35. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I

### VIOLATIONS of the FAMILY MEDICAL LEAVE ACT OF 1993
### 29 U.S.C. § 2601 et. Seq. and 5 U.S.C. § 6381 et. seq.
### INTERFERENCE WITH EXERCISE OF RIGHTS

36. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

37. Plaintiff had a serious medical condition (torn ligament in her knee, Baker's cyst on her knee, and arthritis in her knee) that required surgical treatment.

38. Plaintiff was required to have surgery to remedy these conditions, and required a significant period of recovery following the surgery.

39. Plaintiff was an eligible employee under the FMLA, insomuch as she had been employed for at least 12 months and had worked at least 1,250 hours for Defendant within the 12-month period immediately preceding her request for FMLA leave and retaliatory constructive discharge by Defendant. See *29 U.S.C. §2611 (2)*.

40. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. *29 U.S.C. § 2611(4)*.

41. Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. § 2612 (a)(1)*.

42. Plaintiff properly notified Defendant of her need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising her right to take FMLA leave to care recover from her medically necessary surgery, and otherwise fulfilled all of her obligations for taking medical leave.

43. Plaintiff fully informed Defendant of the nature and scope of her serious medical condition and she went through all of the proper avenues to get approval for her requested leave to recover from her medically necessary surgery.

44. During the course of her request for medically necessary FMLA leave, Respondent's agents and employees and Plaintiff's supervisors and superiors harassed Plaintiff about taking FMLA leave and attempted to dissuade her from taking leave.

45. Defendant violated the FMLA by attempting to dissuade Plaintiff through harassment and other coercion to not take the necessary FMLA leave.

46. There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's attempt to dissuade Plaintiff and otherwise coerce Plaintiff not to take the necessary FMLA leave.

47. Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

### COUNT II

### VIOLATIONS of the FAMILY MEDICAL LEAVE ACT OF 1993
### 29 U.S.C. § 2601 et. Seq. and 5 U.S.C. § 6381 et. seq.
### RETALIATION AND UNLAWFUL CONSTRUCTIVE DISCHARGE

48. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

49. Plaintiff had a serious medical condition (torn ligament in her knee, Baker's cyst

on her knee, and arthritis in her knee) that required surgical treatment.

50. Plaintiff was required to have surgery to remedy these conditions, and required a significant period of recovery following the surgery.

51. Plaintiff was an eligible employee under the FMLA, insomuch as she had been employed for at least 12 months and had worked at least 1,250 hours for Defendant within the 12-month period immediately preceding her request for FMLA leave and retaliatory constructive discharge by Defendant. *See 29 U.S.C. §2611 (2)*.

52. Defendant is a covered employer under the FMLA, insomuch as it is engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year. *29 U.S.C. § 2611(4)*.

53. Plaintiff was entitled to leave under FMLA, *see 29 U.S.C. § 2612 (a)(1)*.

54. Plaintiff properly notified Defendant of her need to take FMLA leave, obtained the necessary medical certifications, insisted on exercising her right to take FMLA leave to recover from her medically necessary surgery, and otherwise fulfilled all of her obligations for taking medical leave. Plaintiff took the medically necessary FMLA leave from on or about May 31, 2007, through the date of her unlawful constructive discharge on July 18, 2007.

55. Plaintiff fully informed Defendant of the nature and scope of her serious medical condition and she went through all of the proper avenues to get approval for her requested leave.

56. Defendant used, as a negative factor, in constructively discharging Plaintiff's employment, the time taken off for FMLA by Plaintiff.

57. Plaintiff was constructively discharged from her seven (7) years of employment because she availed herself of the guarantees and rights of the FMLA.

58. There exists a causal link between Plaintiff availing herself of FMLA rights and her constructive discharge.

59. Said discrimination and unlawful constructive discharge is in direct violation of *FMLA 12 U.S.C. Section 2615(a)(2)*.

60. Plaintiff was entitled to twelve (12) weeks of leave as provided pursuant to the FMLA, because she was a qualified employee, as alleged above, and she had not taken any other FMLA leave.

61. Defendant violated the FMLA by:

   a. Retaliating against Plaintiff for requesting and taking her FMLA leave by, among other things,

      i. Demoting and suspending her on May 23, 2007;

      ii. treating her less favorably in the terms, conditions, and responsibilities of her employment than other employees and less favorably than she was treated prior to her exercise of her right to FMLA leave;

      iii. Terminating her employment and depriving her of her employer-provided health insurance and cellular telephone on July 6. 2007; and

      iv. retaliating against Plaintiff by unlawfully constructively discharging her on July 18, 2007.

62. There was no legitimate non-discriminatory or non-retaliatory basis for Defendant's constructive discharge of Plaintiff on July 18, 2007, or for the other retaliatory and illegal conduct described herein.

63. Defendant constructively discharged Plaintiff in retaliation for Plaintiff taking FMLA leave.

64. Defendant's violations were knowing, willful, malicious, and with reckless disregard for the effect on Plaintiff.

65. As a result of the Defendant's actions Plaintiff has suffered harm and injury damage to her good reputation, extreme mental anguish, painful embarrassment among her friends and co-workers, disruption to her personal life, financial injury, lost benefits, lost wages and lost enjoyment of the ordinary pleasures of everyday life.

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

66. Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

67. Plaintiff was an employee of the Defendant.

68. Plaintiff fulfilled her job duties with skill and expertise.

69. Defendant's severe and outrageous acts, including the intentional, willful, discriminatory and retaliatory constructive discharge of Plaintiff were actions that amounted to extreme and outrageous conduct as follows:

   a. After seven (7) years of employment and immediately before she was to leave for medically necessary surgery, Plaintiff Coleman was sent home from work and told that she was being demoted and suspended;

   b. On or about July 6, 2007, while still on medically necessary FMLA leave, Plaintiff was terminated and lost all rights to her employer-provided health insurance, thus denying her any ability to pay for her medically necessary health care. Plaintiff's employer-provided cellular telephone was also shut off;

        c.        Plaintiff was constructively discharged in retaliation for taking FMLA leave; and

        d.        Otherwise treated Plaintiff differently than employees that did not exercise their right to medically necessary FMLA leave.

70.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

71.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

72.    The Plaintiff did, in fact, experience extreme emotional distress, in that she was denied health insurance access while trying to recover from a medically necessary surgery, lost her source of income and benefits and experienced increased nervousness and anxiety.

73.    Further, Plaintiff did, in fact, experience extreme emotional distress, in that she was forced to continually worry about her health and the well-being of her family while unemployed, during time she should spend recovering from a medically necessary surgery.

74.    By the extreme emotional distress the Plaintiff was thereby damaged.

75.    Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A.    Statutory damages for lost wages, benefits and other compensation, plus interest on such sum at the statutory rate, pursuant to *29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii)*;

B.    Additional liquidated damages in the amount of the above requested amount, pursuant to *29 U.S.C.A. § 2617 (a)(1)(B)*;

C.    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B) and FMLA 107(a)(1)(iii);

D. Monetary damages to compensate Plaintiff for all future lost salary, benefits, and emotional distress;

E. Attorneys' fees, expert witness fees and costs of this action; and

F. Any and all other such relief as this Court deems just and equitable.

**JURY DEMAND**

JURY DEMANDED ON ALL COUNTS SO TRIABLE

Dated: December 17, 2007                    FOOTE, MEYERS, MIELKE & FLOWERS, LLC


/s/Stephen W. Fung
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-6333
Facsimile: (630) 845-8982

Kathleen C. Chavez (#06255735)
CHAVEZ LAW FIRM, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone: (630) 862-1130

*Attorneys for Plaintiff*